William J. Kubitzki v. Commissioner.
Kubitzki v. Commissioner
Docket No. 35683.
United States Tax Court
1952 Tax Ct. Memo LEXIS 20; 11 T.C.M. (CCH) 1182; T.C.M. (RIA) 52346; December 5, 1952
*20 William J. Kubitzki, pro se. Melvin A. Bruck, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined deficiencies in petitioner's income taxes for the years 1948 and 1949 in the respective amounts of $137.15 and $161.31. The deficiency for the year 1948 arises out of respondent's disallowance of all deductions claimed on the return for want of substantiation and the allowance of the standard deduction of 10 per cent of adjusted gross income amounting to $510.50 in lieu thereof. The deficiency for the year 1949 arises out of the Commissioner's disallowance of a bad debt item claimed of $753.87 and the disallowance of $174.17 of deductions claimed for sales, luxury, excise and utilities taxes in the return for that year. Findings of Fact The petitioner is a resident of Jackson County, Missouri. His income tax returns for the years 1948 and 1949 were filed with the collector of internal revenue for the sixth district of Missouri at Kansas City. Petitioner's 1948 return shows gross income of $5,105 and deductions totalling $1,218.92. These deductions were itemized in the return as follows: Contributions: Miscellaneous
$ 100.00
Taxes: City real estate tax, lot 148
$ 19.72
City real estate tax, lot 189
4.62
City personal tax
4.06
County real estate tax, lot
148
27.74
County real estate tax, lot
189
5.80
County personal tax
6.00
Gas and oil tax
30.00
City special assessment
162.12
State income tax
7.33
Car licenses
16.50
Utilities taxes
15.00
Sales, luxury and excise
200.00
498.89
Miscellaneous: Car repairs
255.60
Car insurance
41.00
Car liability insurance
63.90
Insurance household goods
9.53
Entertainment
250.00
620.03
Total
$1,218.92
*21 For lack of substantiation of deductions claimed, respondent disallowed the deductions but allowed petitioner in lieu thereof a standard deduction of 10 per cent of gross adjusted income amounting to $510.50. Evidence offered by the petitioner in regard to said items substantiated less than the amount of the standard deduction allowed by the respondent for the year 1948. Petitioner's 1949 return shows gross income of $4,083.35 and deductions claimed totalling $1,548.69, which were itemized in the return as follows: Contributions: Miscellaneous
$ 75.00
Taxes: City real estate taxes, lot 148
$ 20.38
City real estate taxes, lot 189
4.76
City personal tax
3.63
County real estate tax, lot
148
28.00
County real estate tax, lot
189
5.85
County personal tax
5.01
Gas and oil tax
30.00
Utilities tax
15.00
Sales, luxury and excise tax
200.00
State income tax
9.99
State car license
7.34
State car license
11.00
State drivers license
.25
City drivers license
.50
City car license
5.00
346.71
Medical and dental expenses
$256.00
Less 5 per cent of gross in-
come
204.17
51.83
Miscellaneous: Car repairs
$ 79.20
Car insurance
41.00
Car liability insurance
41.75
Household insurance
9.33
Entertainment expenses in-
curred by business activity
150.00
Bad debt 5/5/49 Marie De-
Jarnette, Louisburg, Kan-
sas
753.87
1,075.15
Total
$1,548.69
*22 In his determination the respondent reduced utilities, sales, luxury and excise taxes from $215 to $40.83, thereby disallowing $174.17 of the amount claimed therefor in the return, and disallowed the bad debt loss claimed in the amount of $753.87, but allowed other deductions claimed in the total sum of $620.65. Petitioner offered no testimony substantiating utilities, sales, luxury and excise taxes in excess of $40.83, the amount allowed by respondent, and offered no evidence showing bad debt loss in the year 1949. Opinion LEMIRE, Judge: The petitioner in this case was not represented by counsel and offered but little competent evidence herein. His testimony and some cancelled checks produced at the hearing indicated that he made contributions and paid taxes and deductible business expenses during the year 1948 totalling approximately $400. Since that amount was considerably less than the deduction of $510.50 allowed by the respondent, the latter's determination for the year 1948 is sustained. For the year 1949 the respondent allowed all of the deductions claimed in petitioner's return, except the item of $215 claimed therein for utilities, sales, luxury and excise taxes paid, *23 and an item of $753.87, claimed in the return as a bad debt loss. The respondent allowed one per cent of gross income, or $40.83, for utilities, sales, luxury and excise taxes for the year 1949, and petitioner offered no testimony showing the payment of any greater amount of such taxes during the year. As to the bad debt loss claimed, the petitioner testified that he gave his married daughter, Marie DeJarnette, a check for $753.87 in May 1949; that she was in financial difficulty and he gave her the money knowing that it was a bad debt at the time he gave it to her, and that she in all probability would never be able to repay it. He further testified that he had made no attempt to collect the debt, but still hoped that she might at some future time be able to repay the amount advanced her. Under such circumstances this item was properly disallowed by the respondent. ; . The respondent's determination of deficiency for the year 1949 is sustained. Decision will be entered for the respondent.